```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

        AUG 0 1 2011

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1  MOLLY M. REZAC
   State Bar No. 7435
2  WAYNE KLOMP
   State Bar No. 10109
3  JONES VARGAS
   100 West Liberty Street, 12th Floor
4  P.O. Box 281
   Reno, NV 89504-0281
5  Tel: (775) 786-5000
   Fax: (775) 786-1177
6  mrezac@jonesvargas.com
   wklomp@jonesvargas.com
7
   *Attorneys for Plaintiff*
8  *GameTech International, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GAMETECH INTERNATIONAL, INC., a Delaware corporation,

Plaintiff,

vs.

PALMETTO BINGO SYSTEMS, a South Carolina entity, DOE DEFENDANTS 1 through 10, ROE ENTITIES 1 through 10,

Defendants.

CASE NO. 3:11-cv-00226-HDM-RAM

**REQUEST FOR EXTENSION OF TIME IN WHICH TO SERVE THE COMPLAINT**
(First Request)

GAMETECH INTERNATIONAL INC. ("Plaintiff"), by and through its attorneys, Jones Vargas, for good cause requests an extension for the time to serve its Complaint against Palmetto Bingo Systems. This request is based on Rule 4(m) of the Federal Rules of Civil Procedure, the memorandum of points and authorities attached hereto, the affidavit attached hereto, and any other evidence the Court may wish to consider. This is the first request for an extension of time to serve the complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Generally, service of a complaint on a defendant should occur within 120 days from the date the complaint is filed or it may be subject to dismissal. FRCP 4(m). However, where good cause exists for the failure of the plaintiff to serve the defendant, the court must extend the time for

1

C:\Users\mnobach\Desktop\1625710.doc

service of the complaint. Good cause exists when a party demonstrates excusable neglect and the following factors are considered: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severaly prejudiced if his complaint were dismissed." Lemoge v. U.S., 587 F.3d 1188, 1198 (9th Cir. 2009). To determine whether circumstances rise to the level of excusable neglect (and therefore whether good cause exists), a court will consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1192.

Here, good cause exists because the Plaintiff and Defendant have been in constant communication regarding the lawsuit almost since the lawsuit was filed. Declaration of W. Klomp at ¶4, attached hereto as **Exhibit "1"**. GameTech filed its complaint on or about March 31, 2011. Complaint (Dkt. #1). Since that time, the Parties have been engaged in efforts to negotiate a settlement and are at the cusp of settling this matter without court involvement at all. Klomp Decl. at ¶5. With a few more weeks, it is likely the parties will have settled this matter. Id.

Given that the Parties are working amicably toward a full and final resolution, neither party would suffer prejudice if this Court granted a short extension of the time to serve the complaint. In fact, counsel for Plaintiff has discussed this request with counsel for Defendant. Defendant's counsel has expressed that Defendant would prefer to continue settlement negotiations rather than engage in potentially prolonged and expensive discovery and litigation. Id. at ¶6. Both parties are interested in conserving resources and resolving this dispute without incurring the time and expense associated with mandatory litigation deadlines. Id.

Finally, Defendant in this action has filed a separate action regarding the same transactions about which Plaintiff complains in the Federal District Court in and for the District of South Carolina. Palmetto Paper & Specialties Inc. v. GameTech Int'l, Inc., Case No. 3:11-cv-00960 (D.S.C. Apr. 21, 2011). Service has not been completed against GameTech as defendant in that action. The Parties are keenly aware of the service issues in that case and are attempting to resolve both lawsuits prior to the time for service in the South Carolina Action.

///

2

C:\Users\mnobach\Desktop\1625710.doc

1  Because there will be no prejudice to the Defendant and Defendant is aware of the lawsuit,
2  because the purpose of the delay is to potentially avoid litigation completely, and finally because
3  GameTech has acted in good faith in requesting this extension, good cause exists and an extension
4  of 60 days should be granted for the time in which Plaintiff has to serve the Defendant with the
5  complaint in order to give the Parties time to resolve this conflict.

DATED this 29th day of July, 2011.

JONES VARGAS


/s/   Wayne Klomp
MOLLY M. REZAC
State Bar No. 7435
WAYNE KLOMP
State Bar No. 10109
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

*Attorneys for Plaintiff*
*GameTech International, Inc.*


**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

August 1, 2011
Dated: _____

3

# EXHIBIT 1

EXHIBIT 1

MOLLY M. REZAC
State Bar No. 7435
WAYNE KLOMP
State Bar No. 10109
JONES VARGAS
100 West Liberty Street, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000
Fax: (775) 786-1177
mrezac@jonesvargas.com
wklomp@jonesvargas.com

*Attorneys for Plaintiff*
*GameTech International, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GAMETECH INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br>vs.<br><br>PALMETTO BINGO SYSTEMS, a South Carolina entity, DOE DEFENDANTS 1 through 10, ROE ENTITIES 1 through 10,<br><br>　　　　Defendants. | CASE NO. 3:11-cv-00226-HDM-RAM<br><br>**DECLARATION OF WAYNE KLOMP IN SUPPORT OF REQUEST FOR EXTENSION OF TIME IN WHICH TO SERVE THE COMPLAINT** |

I, WAYNE KLOMP, do hereby swear under penalty of perjury that the assertions of this Declaration are true.

1. I am over the age of 21 years and the allegations contained herein are true and correct to the best of my information and belief. I am an attorney at the law firm of Jones Vargas, which represents Plaintiff GameTech International, Inc. in the above captioned litigation.

2. With the exception of those matters stated upon information and belief, I have personal knowledge of each of the matters stated herein and could testify competently to the same under oath in a court of law if called upon to do so.

3. I make this Declaration in support of GameTech's Request for Extension of Time in which to Serve the Complaint in the above captioned case.

1

4. I have been in contact with counsel for Defendant, Palmetto Bingo Systems, from well before this lawsuit was initiated. From the time I first contacted Defendant's counsel, we have been engaged in productive settlement discussion, both before and after the Complaint in this action was filed.

5. I believe the parties are close to resolving both this lawsuit and the lawsuit filed by Palmetto in South Carolina against GameTech International. I believe that within a few more weeks, the parties will have resolved this matter or will be prepared to litigate having given every effort to the resolution of their differences.

6. In speaking with counsel for the Defendant, he is aware of the filing of this request for extension of time and, in fact, encouraged the filing of the request rather than the service of the Complaint which would initiate litigation deadlines which both parties seek to avoid.

I, WAYNE KLOMP, do hereby swear under penalty of perjury, that the assertions of this affidavit are true.

/s/ Wayne Klomp
WAYNE KLOMP

2